UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS PEDRITO GONZALES, BOP# 96408298,<br><br>                            Plaintiff,<br><br>vs.<br><br>E. NOONAN; M. SMITH; R. STEWERT; T. HARLEY; MR. CORVET; GEO WESTERN DETENTION FACILITY ,<br><br>                           Defendants. | Case No.: 3:22-cv-0106-DMS-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM**<br><br>**[ECF No. 9]** |

## I.    Procedural History

On January 24, 2022, Jesus Pedrito Gonzales, ("Plaintiff"), currently incarcerated at the Federal Correctional Institution located in Adelanto, and proceeding pro se, filed this civil rights action (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). This Court conducted the required sua sponte screening of Plaintiff's Complaint and dismissed his Complaint for failing to state an Eighth or Fourteenth Amendment claim. (*See* ECF No.

4.) Plaintiff was granted forty-five days leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.*)  After later receiving an extension of time to file his pleading, Plaintiff filed his First Amended Complaint ("FAC") on July 25, 2022.

In his FAC, Plaintiff indicates that he is no longer pursing his Fourteenth Amendment claim and requests that the Court enter a dismissal of his Fourteenth Amendment claim, as well as all claims against Defendant Smith. *See* ECF No. 9 at 9. The Court will GRANT this request and for the reasons set forth below, Plaintiff's entire FAC is dismissed because he cannot state an Eighth Amendment claim against any of the named Defendants.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner, his FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B).  A complaint filed by any person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1    Detailed factual allegations are not required, but "[t]hreadbare recitals of the
2 elements of a cause of action, supported by mere conclusory statements, do not suffice."
3 *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for
4 relief [is] . . . a context-specific task that requires the reviewing court to draw on its
5 judicial experience and common sense."  *Id.*  The "mere possibility of misconduct" or
6 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
7 that standard.  *Id.*

8    **B.    Analysis**

9    Plaintiff is bringing an Eighth Amendment claim against all of the named
10 Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*
11 *Narcotics*, 403 U.S. 388 (1971).  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.
12 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the
13 replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

14    All of the named Defendants in this action are employees of the GEO Group, Inc.,
15 a private corporation operating the WRDF under a contract with the federal government.
16 *See* ECF No. 9 at 1-2.

17    As the Court previously informed Plaintiff, he cannot maintain a *Bivens* cause of
18 action against the individual Defendants under the Eighth Amendment.  "Where, as here,
19 a federal prisoner seeks damages from privately employed personnel working at a
20 privately operated federal prison, where the conduct allegedly amounts to a violation of
21 the Eighth Amendment, and where that conduct is of a kind that typically falls within the
22 scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort
23 law.  We cannot simply imply a *Bivens* remedy in such a case."  *Minneci v. Pollard*, 565
24 U.S. 118, 131 (2012).  The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies
25 for Eighth Amendment claims against employees of the GEO Group, Inc. in its capacity
26 of operating a federal immigration detention facility.  *See Karboau v. Clark*, 577
27 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims
28 against individual employees of GEO Group, Inc., because the exclusive remedy is

pursuant to state tort law).

Accordingly, the Court sua sponte dismisses all claims in the FAC against all Defendants because as currently drafted the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### C. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. CONCLUSION

For the foregoing reasons, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 9, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court